**UNITED STATES of America,**

v.

**John Michael PEVARNIK, Appellant.**

No. 03–2394.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Dec. 9, 2003.

Decided Dec. 23, 2003.

Bonnie R. Schlueter, Office of United States Attorney, Pittsburgh, PA, for Appellee.

---

Michael D. Bartko, Pittsburgh, PA, for Appellant.

Before: AMBRO, FUENTES and CHERTOFF, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge:

Appellant John Michael Pevarnik pleaded guilty in the Federal District Court for the Western District of Pennsylvania to armed bank robbery, in violation of 18 U.S.C. § 2113(d), and using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On April 30, 2003, he was sentenced to a term of thirty months on the bank robbery count and a consecutive term of eighty-four months on the firearm count, as well as a five-year term of supervised release, a special assessment of $200, and restitution in the amount of $1481.

Given that we write solely for the benefit of the parties, to whom the facts are no doubt well known, we will only briefly summarize the relevant events here. These facts are derived from the statement Pevarnik made to Pennsylvania State Trooper Kevin Foley on March 17, 2002.

On March 16, 2002, Pevarnik's friend and co-defendant in this case, Gregory Allen McAdoo, informed Pevarnik that he had stolen a Chrysler Sebring automobile and that he intended for McAdoo and Pevarnik to use the car to rob the Marion Center Bank in Indiana County. The two traveled in the stolen car (McAdoo drove) to the bank. Upon arrival, McAdoo parked the car near the bank, and gave Pevarnik five minutes to go inside and ascertain how many people were working. Pevarnik claims that McAdoo told him that if he refused to do so, McAdoo would shoot him. Pevarnik spent approximately fifteen minutes in the bank, where he spoke to a teller and noted that four people were present in the establishment. After Pevarnik came back to where McAdoo was waiting, McAdoo ordered Pevarnik to sit in the driver's seat of the stolen car to facilitate a quick exit when McAdoo returned from the bank. McAdoo then donned a mask and, armed with a pistol, proceeded to rob the bank. As soon as McAdoo returned, Pevarnik drove the car about two miles during which McAdoo threw his mask out the window. They abandoned the stolen car and picked up Pevarnik's car, which they drove to a motel. At the motel, McAdoo counted the stolen money, which amounted to approximately $7000. Thereafter, based on a 911 phone call, the police learned that Pevarnik and McAdoo were at McAdoo's grandmother's home. The state police proceeded to the location and arrested both suspects. During their interview, Pevarnik told Officer Foley that he and McAdoo had previously talked "a little" about robbing a bank, but Pevarnik did not believe McAdoo was serious about carrying through with the idea.

After pleading guilty to the two counts listed above, Pevarnik took the position at his sentencing hearing that his sentence should be reduced because he was a minor participant in the armed bank robbery, under § 3B1.2(b) of the Sentencing Guidelines. His attorney argued that Pevarnik had been effectively taken hostage by McAdoo during the bank robbery, and that his acts did not rise to the level necessary to find him equally culpable with his co-defendant. The District Court rejected this argument and sentenced Pevarnik accordingly, pointing out that if McAdoo had taken Pevarnik hostage, that occurred in the trailer, well after the robbery occurred, and stating that he was integrally

involved in the commission of the crime.[1]

The sole issue in this appeal is whether the District Court erred in denying Pevarnik's motion for a downward departure. This Court exercises jurisdiction over the final judgment of the District Court pursuant to 28 U.S.C. § 1291. Section 3B1.2(b) of the Sentencing Guidelines states:

**Mitigating Role**

Based on the defendant's role in the offense, decrease the offense level as follows:

. . . .

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

U.S.S.G. § 3B1.2(b) (2002).

District courts' factual findings as to § 3B1.2 minor role adjustments are reviewed for clear error. *United States v. Perez*, 280 F.3d 318, 351 (3d Cir.2002). As we stated in *Perez*, "[a] decision is clearly erroneous if the reviewing court is left with the definite and firm conviction based on all the evidence that the trial court made a mistake." *Id.* (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)) (additional citation omitted). We exercise plenary review where the district court's denial of a downward departure is based primarily on a legal interpretation of the Sentencing Guidelines. *See United States v. Brown*, 250 F.3d 811, 818 (3d Cir.2001); *United States v. Isaza–Zapata*, 148 F.3d 236, 237 (3d Cir.1998).

The minor participant section "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G.

§ 3B1.2, cmt. n. 3(A). "The background commentary to this provision indicates that its application depends on the facts of a particular case." *Brown*, 250 F.3d at 819. This Court also applies a number of other factors to the minor participant determination, including the nature of the defendant's relationship to the other participant, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise. *Isaza–Zapata*, 148 F.3d at 239.

It is undisputed that Pevarnik discussed robbing a bank with McAdoo before the fact; accompanied McAdoo to the bank; counted the employees inside the bank and spoke with a teller in order to prepare for the robbery; drove the stolen getaway car; helped hide the evidence of the robbery; and accompanied McAdoo to the motel and then to McAdoo's grandmother's trailer. This evidence demonstrates that at each stage of the criminal act, Pevarnik was an active, not minor, participant. Additionally, although he claims he was threatened with force if he failed to obey McAdoo's orders, there appear to have been at least a few instances in which Pevarnik could have disassociated himself with the robbery, but did not do so. For these reasons, we hold that the District Court properly denied Pevarnik's motion for a downward departure. Accordingly, we will affirm the District Court's judgment.

---

**1.** Defense counsel was compelled to retreat from the position that Pevarnik was forced to participate in the offenses and concede that he "willingly participated" because the plea agreement reached with the Government required Pevarnik to accept responsibility for his actions. *See* Appellant App. at 94–96 (Sentencing Transcript at 7–9).